**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YICAI BAO,

                Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

No.    13-74074

Agency No. A201-187-757

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Yicai Bao, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Bao filed his asylum application within a reasonable period of time after any extraordinary circumstances that might excuse his untimely asylum application. *See* 8 C.F.R. § 208.4(a)(5); *see Husyev v. Mukasey*, 528 F.3d 1172, 1181 (9th Cir. 2008). Thus, we deny the petition for review as to Bao's asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to the number of abortions Bao's wife was forced to undergo. *See Shrestha*, 590 F.3d at 1048 (9th Cir. 2010) (adverse credibility finding reasonable under the totality of the circumstances). Bao's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We lack jurisdiction to consider the reliability of the asylum officer's notes, because Bao failed to raise that contention before the BIA. *See Arsdi v. Holder*, 659 F.3d 925, 928-30 (9th Cir. 2011). In the absence of credible testimony, in this case, Bao's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d

2

1153, 1156 (9th Cir. 2003).

Bao's motion to stay removal is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-74074